# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA

UNITED STATES OF AMERICA

v.  CASE NO.: 3:25CR121-TKW

GAREY A. BUSCAINO,

_____/

## SENTENCING MEMORANDUM

Defendant, through counsel, respectfully submits this memorandum to assist the Court in imposing a sentence that is "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a).

The Presentence Investigation Report calculates a total offense level of 43 and a Criminal History Category I, resulting in an advisory guideline range of life imprisonment. While the Court must consider the Guidelines, they are not binding. A sentencing court must conduct an individualized assessment based on the facts of the case and the factors set forth in § 3553(a). *Gall v. United States,* 552 U.S. 38, 49-50 (2007). Moreover, the Supreme Court has expressly held that district courts may vary from the Guidelines based on policy disagreements, particularly where a guideline is not grounded in empirical data. *Kimbrough v. United* States, 552 U.S. 85, 109-10 (2007). This case presents precisely such circumstances.

### SENTENCING GUIDELINES §2G2.2

The guideline applicable here, U.S.S.G. §2G2.2, has been widely criticized for producing sentencing ranges that fail to distinguish meaningfully between offenders. Unlike most Guidelines, §2G2.2 was not developed through empirical study but instead reflects congressional

directives that increased offense levels in a cumulative and mechanical fashion. *See Kimbrough*, 552 U.S. at 96 – 100.

Enhancements for factors such as use of a computer, number of images, and content characteristics apply in the overwhelming majority of cases. As a result, defendants with vastly different conduct are routinely assigned similar, and extremely high, offense levels. The outcome in this case illustrates this exact problem—a first time offender with no criminal history faces a guideline recommendation of life imprisonment. District courts have recognized that these enhancements do not meaningfully distinguish culpability. *See United States v. Yang*, No. 1:23-CR-0258-SDG, 2024 WL 5202493, at *2 (N.D. Ga. Dec. 20, 2024). The guideline therefore fails to perform its intended function of promoting proportional sentencing.

Sentencing Commission data confirms that the guideline recommendation of life imprisonment is not consistent with actual sentencing practices. Over the past five fiscal years, defendants with a total offense level of 43 and Criminal History Category I have received sentences averaging approximately 322 months, with a mediation sentence of 300 months. *See* U.S. Sentencing Comm'n, *Justification of Sentence Data, Fiscal Years 2020-2024.* Even more significant, the overwhelming majority of such defendants receive sentences below the guideline range. This demonstrates that courts across the country have concluded that the advisory range in these cases is greater than necessary. Section 3553(a)(6) requires courts to avoid unwarranted disparities among similarly situated defendants. Imposing a life sentence in this case would create precisely the type of disparity the statute seeks to prevent.

**A VARIANCE IN SENTENCING MAY BE APPROPRIATE**

The Eleventh Circuit has affirmed a district court's reliance on Sentencing Commission data to impose a below-guideline sentence in a § 2G2.2 case. In *United States v. Krumm*, the district court reviewed national sentencing statistics for similarly situated defendants, concluded that the guideline range was excessive, and imposed a substantial downward variance. The Eleventh Circuit affirmed, holding that the district court acted within its discretion in weighing the § 3553(a) factors and considering sentencing disparity. *United States v. Krumm*, No. 23-11774, 2024 WL 1298244, at *2–3 (11th Cir. Mar. 27, 2024). Although the Eleventh Circuit has made clear that § 2G2.2 is not invalid, it has likewise recognized that district courts retain broad discretion to impose a variance based on individualized circumstances and the statutory sentencing factors. See *United States v. Cubero*, 754 F.3d 888, 900 (11th Cir. 2014).

**THE § 3553(a) FACTORS SUPPORT A SENTENCE BELOW THE GUIDELINE RANGE**

An individualized assessment of the § 3553(a) factors confirms that a guideline sentence of life imprisonment is greater than necessary. This case involves a non-production offense. There is no evidence that the defendant produced child pornography, engaged in contact offenses, or attempted to coerce or entice a minor. While the offense is serious, it does not place the defendant among the most culpable offenders contemplated by federal law. The defendant's history and characteristics further support a variance. The defendant has no prior criminal history and falls within Criminal History Category I. There is no indication of violent conduct or predatory behavior. Courts routinely recognize that defendants in this category present a lower risk of recidivism and do not require the most severe penalties to achieve deterrence or protect the public. A sentence

substantially below the guideline range would still reflect the seriousness of the offense, promote respect for the law, and provide just punishment. It would also provide adequate deterrence without imposing a punishment that is disproportionate to the defendant's conduct. The guideline recommendation in this case is an outlier. A life sentence would exceed the sentences imposed on similarly situated defendants nationwide and would fail to account for the defendant's individual circumstances.

The Court is not required to impose a sentence that is inconsistent with reality or fairness. Instead, it must impose a sentence that reflects a careful and reasoned application of the § 3553(a) factors.

**CONCLUSION**

For all of these reasons, and after careful consideration of the advisory Guidelines and the factors set forth in 18 U.S.C. § 3553(a), counsel respectfully submits that the interests of justice and the purposes of sentencing can be accomplished with a sentence substantially below the advisory guideline range. Such a sentence would reflect the seriousness of the offense, promote respect for the law, provide just punishment, and avoid unwarranted sentencing disparities, while not being greater than necessary. Accordingly, the Defendant respectfully requests that this Court impose a sentence below the guideline range, along with any appropriate conditions of supervision, consistent with sentences imposed in similar cases nationwide.

Respectfully submitted,

*/s/ James M. Burns, Esq.*
JAMES M. BURNS, ESQUIRE
4502 Twin Oaks Drive
Pensacola, Florida 32506
FBN: 0193526
Phone (850) 457-6002
Fax (850) 999-7546
Email: jimburnsfllaw@gmail.com
Attorney for the *Defendant*